Good morning, your honors. May it please the court. My name is Dean Andrews. I represent the appellant in this matter, Harvey Funches. This appeal stems from the granting of a summary judgment by the district court in favor of Defendant Progressive Tractor and Implement Company, a short version of SPTI. The case is about the appellant whose left arm was severed when a 28-foot farm disc being towed by another defendant, Chase Noland, came in contact with his vehicle on a county road in Warren County, Mississippi. The disc had been rented to Noland by the appellee. The travel width of the disc was 15 1⁄4 feet. The width of the road at the scene of the accident was slightly under 22 feet, leaving each lane slightly under 11 feet. The appellant contended in his complaint that the appellee, PTI, was negligent by failing to warn Noland of the dangers in towing the farm equipment, completely failing to warn him, and then also failing to make sure or ensure that he knew the safe manner in which to tow this piece of equipment, this very dangerous piece of equipment. Now, there's some sort of decal on the equipment itself that has the warning that would be adequate, is that correct? But he didn't look at that, is that correct? That was his testimony, Your Honor. Is it a dispute that the warning that is on the decal is a satisfactory warning? Is that the wording of it or something? Is that an issue? There's no dispute in my mind, Your Honor, and I furnished photographs of the decal and of the actual photograph of the decal on the equipment, and also a photograph of the disc that day of the accident taken by the Sheriff's Department. The dispute, Your Honor, is that as far as the appellant's concerned, the warning is adequate. The appellee, in its depositions by one of the owners of the company and the salesperson that considered this to be a serious warning, their depositions, which are included in the response to the appellant's motion for summary judgment, basically just, they both admit, let me back up, the salesman, Bowie Compton, who's one of his depositions in the record, admitted that he did not warn Nolan, the farmer, he did not make sure that he knew the safety method of hauling the equipment. In fact, he assumed that Nolan, being an experienced farmer, which they claim he was an experienced professional farmer, knew well how to tow this piece of equipment safely. There's nothing in the record as to how they knew that he was an experienced professional farmer other than his testimony in his deposition that he had been farming for some 15 or 20 years, and I guess in their mind that made them take the position that he was an experienced professional farmer. Nolan's deposition testimony stated that he did not see the warnings, he was not told of the warnings, he had never hauled this particular type of disc before. He picked it up the day from the appellee's business and did not know, for instance, if you look at the warning in its very explicit language that this equipment was to be towed only with an agricultural tractor. He arrived at the appellee's place of business with a pickup truck. He connected the equipment to the pickup truck and he left with the equipment being towed by the pickup truck. In plain view of the employee of the appellee who saw him drive away, the employee of the that farmers do it all the time, so that must make it right. The point I'm trying to make as far as these warnings are concerned, the appellee completely was oblivious to them. They didn't consider them serious. Going back to answer your original question, yes, the appellant thinks they are adequate and had they been followed, there's a good chance that this horrible injury would never have occurred. Another example of that warning is the total weight of the unit being towed is not to exceed one and a half times the weight of the tractor. In the brief it's pointed out that the farm discs weighed 13,300 and some odd pounds. A farm tractor varies in weight from 28,000 to 35,000 pounds. The pickup truck being utilized that day weighed anywhere from 53 to 63, excuse me, 57 to 6,300 pounds. In direct violation of that warning, and I pointed out in the brief, I think, you had a situation rather than the dog wagging the tail, the tail's wagging the dog. The equipment weighed almost twice or more than twice what the vehicle that was towing it weighed. Why, when Nolan showed up, he was the one that showed up to get this thing, why did PTI not simply say, no, you can't, we're looking at how you're going to transport it, this needs to be the end of it, we're not going to give it to you. I can only, I can only, why isn't that a fair question? It is a fair question and I've been asking it for quite some time. I mean that's what I was going to say, isn't that a sort of a basic question that it was perfectly clear when Nolan showed up that he was not going to be able to transport this thing safely? Your Honor, they just didn't believe it. They just did not think that way. They were not concerned with the warnings. They knew the warnings existed and to be perfectly honest with the court, in questioning and taking a deposition of Nolan, I determined that he was not an experienced professional farmer. You know, we're all a creature of habits, good or bad, and his daily habits in pulling equipment was hooking it up to his truck and pulling it, regardless of what any warning said. But he did testify in his deposition that he did not see the warning. The decal's on the tongue of the disc. He just said he didn't see it. He was never told about it. He never saw the operator's manual, nor told about it. And he just proceeded to do what he'd been doing for years as a farmer. Now... Did they help him hook it up or something? Or how did it, how did it get hooked to his... The salesperson helped him hook it up. So the salesperson actually helped him hook it up? Yeah, I mean, actually I knew... Exactly. So that right then and there, it says on it you're not supposed to do that, right? Yes, yes, Your Honor. So what... If the salesperson is helping hook it up, then why are we here about the warning instead of the fact that the salesperson knows that it's being done incorrectly and allows... So the salesperson's employer... Right. Pays the bill. Yeah. I didn't understand the question, Your Honor. I guess the case is posed to us as should they have given him some additional warnings, but isn't the case really about that they are participating in the unsafe conduct themselves? Yes, Your Honor. And that was in the... That's played in the complaint. The lower court took the position that the key issue in this case was on the day of the accident which vehicle or apparatus crossed the center line. And he said that finding that the warnings and the weight of the equipment, which is obvious when you look at the warnings and the weight of the equipment, that we're talking about a control issue. What would control that piece of equipment on the road? Would it have completely prevented the action from happening? I don't know. But I think it's common sense that tells us that a heavy farm tractor is going to have a lot more control over pulling the farm equipment of this size and features than a pickup truck. Now, as the court knows, there can be more than one proximate cause of an injury. And the appellant's position is that this is a proximate cause, if not the sole proximate cause, of what happened. So what do you want us to do here today? I want to go to trial. I'd like it sent back and give a jury an opportunity to decide these facts. On what issues do you want it sent back? On the issue that the lower court aired and granted the summary judgment and not taking into consideration these other facts that are very clear in the record. Now, for instance, the appellee takes a position that a warning wasn't necessary because Nolan was an experienced farmer. That's what they say. That's all they've ever said. They take the position that this is, of course, it's easy to take it after the lower court ruled, but that this was a, whose fault was it that the day of the accident, who crossed the center line? Well, there are any number of issues that can explain the fact that why this disk, and by the way, the vehicles never collided. The farm disk was at least four and a half feet wider than the lane of traffic it was being towed in. Could and does the shoulder come into play? Oftentimes it does. Did it on this day? We don't know. But the disk itself is what came in contact with my client's pickup truck. And it went down the edge of it. These are very sharp disks. His arm happened to be on the window sill, and when it got to that point on the pickup truck, it severed his arm just below his shoulder. So, again, it's approximate cause or contributing approximate cause issue is what we contend, and it's why it should be sent back. Any other questions? I think we have your argument, counsel. Thank you. Thank you. May it please the court, Mike Baxter for PTI. I'm going to answer these questions that have been posed. I want to just make it clear for the record, though, there are two points, two key points that I want to focus on, and that is the adequacy of the warning or the warning that was given, and then whether Mr. Funches presented the district court with enough evidence to go forward on the issue of approximate cause, even all this issue about the warning aside. So the question is, what was the very warning? And I think one of your honors asked the question, and I heard counsel admit that there, in fact, was a warning on the tongue hitch. There was a decal that expressly warned to tow it with an ag tractor. Now, the question is, I think there was a question posed maybe by Judge King about Mr. Bowie and why he allowed him to hook it up and go forward. But understand this, and I've got this in the records, the record on appeal at page 615 is the operator's manual, and it expressly says that safety signs are placed on your safety. Now, there is no law in Louisiana and no law in Mississippi that prohibits and says that you will be fined and you will be sentenced to jail if you go and hook up a pickup truck to this particular disc. In fact, if that was the case, why would they allow, why would they put a hitch that could be hooked to a pickup truck? The farmers did that all the time. Bowie had no right to tell this man, you can't do that. There's no law against it. Now, there's a warning, and the very warning that the plaintiff, Mr. Funches claims that PTI should have given to the farmer was given by the manufacturer. Did he make the argument in the trial court that you all should lose because the salesperson hooked up the disc to the truck? No, he did not. He did not make that argument. That was never made to the district court. Was there evidence that that is negligence to do that? No, there is no evidence. Certainly not anything to do with product liability. Beg your pardon? It wouldn't have anything to do with product liability, but it would have to do with negligence. It would not, but if there's no law, again, I've got a barbecue grill and it's got all sorts of warnings in that book, and I'm a warnings guy. I sit there and read it. My wife, on the other hand, says let's just get going. Put this thing together. So, if there's a warning in that book, and I don't read it, and I get hurt by something that was specifically warned against, then that's on me. Not if it's as they're selling it to you in the store. If they're pouring fluid all over it and you're lighting it up with your match in the store or parking lot, they're going to say, sir, we can't let you take this thing because you're not competent. You know, this is not, it may not be against the law, but if the warning says on its face, two parts of the warning would be against this behavior, wouldn't it? Two parts that it's not, exceeds the weight, and what's the other part? It was to haul it with an ag tractor. Yeah, ag tractor only. They both, it violates two parts of the direct warning on this to hook this up to that truck. Yes, it goes against the guide in the manual and the decal that says haul it with an ag tractor only. It does do that. But, again, the farmers, this is not a guy like me, or respect to your honor, somebody like that's not into farming. These are sophisticated users. Mr. Nolan testified that he had towed this particular disc many, many times. This guy had more experience. You could say, arguably, I think Bowie Compton, our guy, he had, Nolan had more experience than our guy in terms of farming, and they were lifelong friends. They knew one another. So, and the testimony is the disc was picked up two days before the accident, okay? Nolan comes and hooks up the disc, and he drives a very short distance to his farm in Louisiana. That's where we were told he was going, okay? PTI had no idea this man was going to another state with our inventory, okay? But the whole point here, and I cited this in the brief, the Mississippi law says that a warning may be held adequate as a matter of law where the adverse effect was one that the manufacturer specifically warned of. The manufacturer specifically warned, now the fact that Nolan ignored the warning, that's not on PTI. We can't compel this man. We can't compel the farmers to come in for a public reading of the operator's manual or get them to sign something. But you're helping them light the lighter fluid or whatever. That's the argument that I heard from your counsel opposite, even if he didn't make it adequately in the trial court. What about that argument? That what? I'm sorry. I misunderstood. You're opposing counsel saying, well, the salesman, buoy or whatever, is helping him hitch it up contra the warning that you're proud of. So then how can you say that they have no responsibility? That's the argument. Well, because we can't force these guys to hook up to a tractor. There's nothing, there's no law that requires that. Secondly, and most importantly, it's an approximate cause. Stop smoking, but I cannot light the cigarette for you. I mean, that's the argument here. So whether he could go off and hook up discs to trucks and all of that is separate from the question of whether your salesman is hooking up the disc. That was the point that was raised. And I'm trying to understand it because I don't really remember it being a focus of the briefing. So I'm wanting to understand that argument. And I'm wanting to understand your response to it. My response to it is that the warnings tell a man or person to haul it with an ag tractor only. That's for your safety. It's a guide. It's not a requirement. The real world practice for these farmers is they come in all the time with tractors and trucks, okay? You're not supposed to smoke when you go up to fill your car up with gas. I've seen people do it all the time. They never get hurt. Sometimes people do. But the point is, was this man warned? Did he know? And the law says that an innocent seller has a right to presume that the warnings will be read and that they will be heeded, okay? So to follow along with what the plaintiff is asking the court to do with regard to warnings, to rule in the favor of the plaintiff on this warning issue, I submit the court would have to place a higher standard and burden of care on innocent sellers than what the law presently requires. Under Mississippi Products Liability Law, we're allowing innocent sellers to be indemnified. And there's no case that I saw that had been cited that would require a seller to come up with more explanations or more warnings or better warnings or different warnings than what the product manufacturer itself did. So as a matter of law, counsel admitted, and it's true, that he did not dispute the adequacy of the warning. The specific warning that he's complaining about was specifically giving. So that's the end of the story on the warning issue. Now let me talk about proximate cause and the disconnect between, I understand the court's concerned about, well, Mr. Bowie was there. I think all Mr. Bowie did was he spotted him. And I understand the court's concerned about that. But let me tell you where that becomes irrelevant. And that's on the proximate cause issue. And under Mississippi law, the failure to warn has to be the proximate cause of the injuries. And the plaintiff has no causation theory here. It's in the record in the district court's memorandum of opinion. The district judge asked the plaintiff, what is your theory? What is your case? And he admitted, counsel did, that he had no fact witnesses, no expert witnesses, no evidence to prove why Mr. Nolan allegedly lost control and crossed the center line. The only thing he came up with was a speculation. Well, I think that if you'd have been in a tractor, you'd have had more control. And the judge asked, well, what, do you have an expert witness? Do you have a fact witness? Do you have any physical evidence to support that? No, sir. I just think he should have had more control with a tractor. Well, I'll tell you, and this whole thing about the disconnect with proximate cause, a tractor, the tractor versus truck theory, you can lose control and cross the center line in any kind of vehicle. People, momentary lapse in attention, you can lose control, go across the center line in a car, a truck, motorcycle, an 18-wheeler. So this is pure speculation. And to suggest that the accident would not have occurred had Mr. Nolan been driving a tractor rather than a trailer, again, is a complete speculation. Because you could certainly lose control. You could certainly let the disc drift in a tractor as easily as a truck. And you know what, they would have a case, possibly a case, had these admissions not been made, had counsel said, well, I've got an expert witness who will say that this truck  He lost his brakes. The steering went out. Nothing. He admitted to that. He has nothing, nothing on the proximate cause issue. And Mr. Funches himself testified. He said, I've got no problem. We asked him, do you have a problem with the vehicle that the farmer was driving? He said, no, I have a problem with the disc. It was 15.3 feet wide. And it got him to admit, well, it's 15.3 feet wide whether you're hauling it with a tractor or you're towing it with a truck or an 18-wheeler. It's 15.3 feet wide. Mr. Nola, of course, testified he never crossed the center line. But the issue is who crossed the center line. And with that, PTI had nothing to do. PTI had no idea this man was even in Vicksburg, Mississippi. And we had no control over how this man drove this or towed this disc. And you know what, this man had towed this disc many times before with a truck. If it was so inherently dangerous, then why didn't he have an accident the very first time he ever towed this disc? If it was so inherently dangerous, why didn't he have an accident the day he left our property with this disc? It has to do with how you drive. And you can cross the center line with any kind of vehicle. And that's the problem that they got when he admits that he has no proof. It's lawyer speculation, unsubstantiated assertions. And the district court properly held that that's not a basis to go forward. So there's two problems here.  You get back to an element of the plaintiff's case, which is proof that is sufficient to submit it to the jury on the element of proximate cause. And he's got nothing. And he admitted that. And so for that reason, we're asking the court to affirm the trial court's grant of summary judgment. Thank you, counsel. Counsel, I hope you'll address proximate cause in your rebuttal. I said, I hope you will address proximate cause in your rebuttal time, please. I will. First, I want to state that there's no evidence in the record.  I'm talking about the evidence. There's not much of a record in this case. There's some depositions, motions, and such. There's nothing in the record that indicates that PTI gave any warning at all. In fact, just the opposite. Huey Compton, the salesman, admitted, stated specifically that no warning was given. He never told Nolan where the operator's manual was. He knew what the warnings were, but he compared them to a warning on a cigarette package. The warning's there, but you're not required to follow it. And that was his attitude about everything he testified to. Eddie Villamaret, who was one of the owners of the company, testified that it was important for his customers to know the safety rules before leaving his property with the equipment. But what do you do? I'm getting to the proximate cause issue. What do you do with the argument that this thing's going to be as wide as it is, whether it's hooked up to an ag tractor or anything else, and if you cross the line with it, it's going to hit and, sadly, damage somebody like Mr. Funchess? Control, Your Honor. A 30,000-pound tractor has a lot more control over that disc than a 5,500-pound tractor. But if you're crossing the line, the control isn't the issue. It's the crossing the line with this big, wide thing. Let me put it this way. What evidence in the record is it that the thing swooped over in some crazy way, and it wasn't a matter of crossing the line? It was a matter that the disc itself kind of got out of control? It happened so quickly, Your Honor, there's nothing in the record that explains that one way or the other. OK. Well, that's a problem, isn't it? Because you have a burden of proof. It is a problem. However, the explicit wording of this warning that was never given to Nolan by his own admission and, by the way, Nolan testified that he'd known that you shouldn't tow this equipment with a pickup truck. He never would have been doing it. That's in his testimony. So he had no knowledge at all of any of the warnings about this piece of equipment. That's the point I'm trying to make to the court. Had he had knowledge, had he been warned, would things have been different? That's for a jury to decide. Well, not if there's no evidence. There would have been evidence, Your Honor. I mean, there were witnesses that would testify at the trial. This didn't, I mean... OK, but I mean, you understand we're in appellate court. We have to play the hand we're given, which is the record that was created in the district court. If you haven't had time to create a record, then you seek a continuance from the district court, and you appeal the failure to grant that if that's necessary. But if you've had time to develop evidence, then you present that, and that creates a fact issue. Then the summary judgment's denied. If it's granted, then you come up here and show what the fact issue is. You can't say, Judge, someday I'm going to be able to convince a jury that this happened when I don't have any evidence of it. That just isn't... I mean, I respect how your client must feel about this case, so it's not a criticism of you. But it's just if there isn't the evidence there, it isn't there. Well, if the jury were allowed to consider whether or not the lack of warning and the lack of knowledge of Nolan contributed to what caused this accident, when you say there's no evidence in the record, I think just warning alone is evidence in the record as to the How often does anyone see warnings about anything that are this explicit? And don't do this. Do this. Do not exceed. The weight should not exceed one and a half times the weight of the tractor. And the last line on that warning, failure to comply could result in death or serious injury. Why do I have a note to myself here that says a warning not to haul the disc with a truck would have been heeded? Isn't there testimony in this record that if somebody said don't haul this thing with a disc? Yes, Your Honor. I just alluded to Nolan's deposition. The farmer that was driving testified to that effect, that had he known not to use a pickup, he would not have been using it. Would it have made a difference? To me, that's a factual issue. Not illegal. I think there's sufficient evidence to send it back. Thank you, counsel. We have your argument and this case is submitted.